FILED - GR
January 17, 2012 3:19 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY JSJ / ____ SCANNED BY /Mg / /20

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA BROWN,

    Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC,

    Defendant.
_____/

1:12-cv-46
Janet T. Neff
U.S. District Judge

## Complaint

**I. Introduction**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L..§ 445.251 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II. Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III. Parties**

3. Christina Brown, formerly Christina Bournay, is a natural person residing in Berrien County, Michigan. Ms. Brown is a "consumer" and "person" as the terms are defined

1

and/or used in the FDCPA. Ms. Brown is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and MOC.

4. Defendant Firstsource Advantage, LLC ("Firstsource") is a New York limited liability company. The registered agent in Michigan for Firstsource is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Firstsource uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Firstsource holds a Certificate of Authority to Transact Business in Michigan for the expressly stated purpose of "Consumer debt collection via telephone and mail." Firstsource regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Firstsource is a "debt collector" as the term is defined and used in the FDCPA. Firstsource is a "regulated person" as the term is defined and used in the MCPA. Firstsource is licensed (No. 2401001096) by the State of Michigan to collect consumer debts in Michigan. Firstsource is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

IV. Facts

5. Ms. Brown had a credit account (No. 5178052129674947) with Capital One Bank ("Capone") which she used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC.

6. Capone claimed that Ms. Brown failed to pay the alleged debt when due.

7. Ms. Brown disputes the alleged debt.

8. Ms. Brown refuses to pay the alleged debt.

2

9. Capone, an affiliate of Capone, or a successor in interest to Capone, supposedly hired Firstsource to collect the alleged debt from Ms. Brown.

10. On January 6, 2012 at approximately 12:49 p.m., a Firstsource employee called Ms. Brown's cellular telephone and left the following message which was recorded on Ms. Brown's cellular telephone voice mail: "Hi. This is a confidential and very important message intended solely to contact Christina Bournay. This is Jeff [last name unintelligible]. I'm giving you a call today from the offices of Firstsource Advantage. I am trying to get in contact with you here, Christian, in reference to a very important matter. Please contact me today. When you receive this message you can reach me at 1-888-274-6488, and when calling back reference number 20718342. I will be in the office here tonight until 8:00 p.m. Eastern time. Again Christina, the number is 888-274-6488. Thank you."

11. On January 6, 2012 at approximately 12:51 p.m., a Firstsource employee called Ms. Brown's place of employment and left the following message which was recorded on Ms. Brown's office voice mail: "Hi. This is a confidential message here, intended solely to contact Christina Brown. My name is Jeff [last name unintelligible]. I'm giving you a call today from the offices of Firstsource Advantage. It is very important that you please contact my office today, Christina. You can reach me at 1-888-274-6488. When calling back please use reference number 20718342. You can contact me here until 8:00 p.m. Eastern time. Again, the number is 888-274-6488. Thank you."

12. The words spoken by the Firstsource employee in each of the above-quoted messages constituted a "communication" as the term is defined and/or used in the FDCPA, MCPA and MOC.

3

13. The Firstsource employee did not disclose in the above-quoted messages that the call was from a debt collector.

14. By failing to disclose in the above-quoted messages left by the Firstsource employee for Ms. Brown that the caller was a debt collector, Firstsource violated the FDCPA, 15 U.S.C. § 1692e(11).

15. When the Firstsource employee left the above-quoted messages for Ms. Brown, Firstsource was aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

16. Firstsource is a member of ACA International ("ACA").

17. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), Firstsource has been a member of ACA since 1995.

18. Over a period of more than five years immediately preceding the filing of this complaint, Firstsource received multiple writings from ACA, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

19. Firstsource has been sued multiple times in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector and

allegedly violating the FDCPA.

20. The Firstsource employee in the above-quoted messages left for Ms. Brown failed to reveal in the messages the purpose of the telephone call.

21. The Firstsource employee in the above-quoted messages left for Ms. Brown concealed the purpose of the telephone call.

22. The Firstsource employee in the above-quoted messages left for Ms. Brown failed to reveal or concealed the purpose of the telephone call, which violated the MCPA and MOC.

23. On January 6, 2012, at some time between approximately 12:45 p.m. and 12:55 p.m., a Firstsource employee named Jeff called a telephone number belonging to Ms. Brown's mother-in-law and spoke with Ms. Brown's mother-in-law. The Firstsource employee stated to Ms. Brown's mother-in-law that he was calling from Firstsource and he asked Ms. Brown's mother-in-law to deliver a message to Ms. Brown, to telephone Jeff at Firstsource, 1-800-274-6488 regarding an urgent personal matter and that he would be in the office until 8:00 p.m. The Firstsource employee volunteered the name of his company without being asked by Ms. Brown's mother-in-law. Ms. Brown has never resided with her mother-in-law. Brown's mother-in-law delivered the message to Ms. Brown.

24. Firstsource did not obtain the prior consent of Ms. Brown to communicate with Ms. Brown's mother-in-law regarding the alleged debt or efforts by Firstsource to collect the alleged debt.

25. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

5

26. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

27. When the Firstsource employee spoke by telephone with Ms. Brown's mother-in-law, Firstsource already had in its possession information disclosing Ms. Brown's place of abode.

28. When the Firstsource employee spoke by telephone with Ms. Brown's mother-in-law, Firstsource already had in its possession information disclosing Ms. Brown's telephone number at her place of abode.

29. When the Firstsource employee spoke by telephone with Ms. Brown's mother-in-law, Firstsource already had in its possession information disclosing Ms. Brown's place of employment.

30. Firstsource communicated with Ms. Brown's mother-in-law for a purpose other than to acquire location information regarding Ms. Brown. Specifically, Firstsource wrongfully turned Ms. Brown's mother-in-law into a *de facto* debt collector for Firstsource by causing Ms. Brown's mother-in-law to deliver a message to Ms. Brown in an effort to collect a debt, and violated 15 U.S.C. § 1692b and 15 U.S.C. § 1692c(b).

31. Firstsource's employee wrongfully asked Ms. Brown's mother-in-law to deliver a message to Ms. Brown in connection with Firstsource's efforts to collect a debt from Ms. Brown, which violated the FDCPA and Michigan law.

32. The FDCPA states in pertinent part: "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall – (1) identify himself, state that he is confirming or correcting location

information concerning the consumer, and, only if expressly requested, identify his employer. . . ." 15 U.S.C. § 1692b(1).

33. Firstsource's employee wrongfully stated the name of his employer to Ms. Brown's mother-in-law without Ms. Brown's mother-in-law expressly requesting that information, which violated the FDCPA and Michigan law.

34. On January 6, 2012 at approximately 7:23 p.m., Ms. Brown spoke by telephone with a Firstsource employee. The Firstsource employee stated that Capone had just placed Ms. Brown's account with Firstsource for collection. The Firstsource employee demanded payment of the alleged debt. The Firstsource stated that "the account has become eligible for potential legal action by Capital One" so Firstsource was calling Ms. Brown to collect the debt before litigation became necessary. Ms. Brown complained that Firstsource had wrongfully communicated with her mother-in-law in efforts to collect the debt. Ms. Brown complained that she had received nothing in writing from Firstsource and had no idea who Firstsource was. Ms. Brown stated that she was disputing the debt. Hearing that the Firstsource employee transferred Ms. Brown to his "Supervisor." Ms. Brown was transferred to a Firstsource employee who stated his name was Robert Lang at extension 5149 and claimed that he was a "Supervisor" at Firstsource. Ms. Brown stated that she was disputing the debt. The second Firstsource employee stated that Capital One Bank had placed the account for collection with Firstsource because the account had met the requirements for potential legal action.

35. The FDCPA states that the following conduct by a debt collector is unlawful: "The false representation of the character, amount, or legal status of any debt . . . . 15 U.S.C. § 1692e(2)(A).

36. The FDCPA states that the following conduct by a debt collector is unlawful: "The threat to take any action that cannot legally be taken or that is not intended to be taken" 15 U.S.C. § 1692e(5).

37. The FDCPA states that the following conduct by a debt collector is unlawful: "The us of any false representation or deceptive means to collect or attempt to collect a debt . . . ." 15 U.S.C. § 1692e(10).

38. The Firstsource employees falsely represented or implied that Ms. Brown would be sued if she did not make arrangements with Firstsource to pay the alleged debt, violating the FDCPA, MCPA and MOC.

39. The Firstsource employees falsely represented or implied that Ms. Brown a lawsuit against Ms. Brown was imminent if Ms. Brown did not make arrangements with Firstsource to pay the alleged debt, violating the FDCPA, MCPA and MOC.

40. Firstsource failed to send Ms. Brown a timely written notice containing the information required by 15 U.S.C. § 1692g(a).

41. The Firstsource employee who left the above-quoted message on Ms. Brown's cellular telephone voice mail intended to speak the words he spoke when he left the message.

42. The Firstsource employee who left the above-quoted message on Ms. Brown's office telephone voice mail intended to speak the words he spoke when he left the message.

43. The Firstsource employee who spoke by telephone with Ms. Brown's mother-in-law intended to speak the words he spoke when he spoke by telephone with Ms. Brown's mother-in-law.

44. Each Firstsource employee who spoke by telephone with Ms. Brown intended to

8

speak the words the employee spoke when the employee spoke by telephone with Ms. Brown.

45. The acts and omissions of Firstsource and its employees done in connection with efforts to collect the alleged debt from Ms. Brown were done intentionally and wilfully.

46. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

47. Firstsource, to increase its business and profits, has knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those unlawful debt collection practices.

48. Firstsource and its employees intentionally and wilfully violated the FDCPA, MCPA and MOC.

49. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, physical stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

V. **Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

50. Plaintiff incorporates the foregoing paragraphs by reference.

51. Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692b;

b) Defendant violated 15 U.S.C. § 1692c

c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

f) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

52. Plaintiff incorporates the foregoing paragraphs by reference.

53. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 445.252(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

d) Defendant violated M.C.L. § 445.252(m) by bringing to public notice that the consumer is a debtor;

e) Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt; and

f) Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee;

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 445.257(2);

b) Treble the actual damages pursuant to M.C.L. § 445.257(2);

c) Statutory damages pursuant to M.C.L. § 445.257(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

### Count 3 – Michigan Occupational Code

54. Plaintiff incorporates the foregoing paragraphs by reference.

55. Defendant has violated the MOC. Defendant'' violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

11

b) Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

d) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

e) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

f) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee;

g) Defendant violated M.C.L. § 339.918; and

h) Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 16, 2012

                                                            /s/ Phillip C. Rogers  
                                                            Phillip C. Rogers (P34356)  
                                                            Attorney for Plaintiff  
                                                            40 Pearl Street, N.W., Suite 336  
                                                            Grand Rapids, Michigan 49503-3026  
                                                            (616) 776-1176  
                                                            ConsumerLawyer@aol.com